*JS-6*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED ALLOYS, INC., | ) | No. CV 93-4722 CBM (Ex) |
| Plaintiff, | ) | |
| v. | ) | JUDGMENT |
| HAROLD A. BAKER, et al., | ) | |
| Defendants. | ) | |

In accordance with Federal Rule of Civil Procedure 58 and *Whitaker v. Garcetti*, 486 F.3d 572, 579 (9th Cir. 2007) (requiring that a judgment must be set forth on a separate document), and consistent with the Court's Second Amended Findings of Fact and Conclusions of Law dated July 14, 2011, **IT IS ORDERED AND ADJUDGED** as follows:

1. Judgment is entered in favor of Plaintiff and Counter-defendant United Alloys, Inc. ("United Alloys") and against Defendant and Counter-claimant Flask Chemical Corporation ("Flask") pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA") for the release of hazardous waste at United Alloys' property located at 900 East Slauson Avenue in Los Angeles,

1

California ("the Property"), and because United Alloys is also responsible for the release of hazardous waste at the Property, the parties are jointly and severally liable for such contamination;

2. Judgment is entered in favor of United Alloys and against Flask pursuant to the Carpenter-Presley-Tanner Hazardous Substance Account Act ("HSAA") for the release of hazardous waste at the Property but CERCLA preempts United Alloys' right to recover response costs from Flask under the HSAA;

3. Judgment is entered in favor of Flask and against United Alloys on Flask's contribution claim pursuant to Section 113 of CERCLA;

4. Declaratory judgment is entered in favor of United Alloys and against Flask such that the parties are jointly and severally liable under Section 113 of CERCLA;

5. Declaratory judgment is entered in favor of Flask and against United Alloys for contribution as to all future response costs consistent with the National Contingency Plan incurred by United Alloys in responding to the release of hazardous waste at the Property pursuant to Section 113 of CERCLA;

6. With respect to all future recoverable response costs, United Alloys shall be responsible for one-third of such response costs and Flask shall be responsible for two-thirds of such response costs;

7. United Alloys has incurred NCP-compliant response costs in the amount of $431,418.64;

8. Flask is entitled to a credit of $340,000 for settlements paid to United Alloys by third party defendants, which reduces United Alloys' recoverable response costs to $91,418.64;

9. As to the $91,418.64, United Alloys shall pay one-third of these response costs, or $30,442.41, and Flask shall pay two-thirds of these

response costs, or $60,976.23;

10. Flask shall also pay to United Alloys $17,024.19, which represents two-thirds of the prejudgment interest on United Alloys' recoverable response costs; and

11. The Court retains jurisdiction to address the recoverability of future response costs that cannot be resolved by the parties.

IT IS SO ORDERED.

DATED: July 14, 2011  By_____
CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE